[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE PORTIONS OF COUNTERCLAIM
The defendants, Richard C. and Patricia A. Burton have counterclaimed in three counts against the foreclosing plaintiff bank in a revised counterclaim dated June 4, 1991. The plaintiff has moved to strike the first and third counts of that pleading.
The First Count contains several paragraphs of factual pleadings which allege that the plaintiff and defendants, CT Page 6009 Burtons, shared a fiduciary relationship which the plaintiff breached. The issue of whether or not there existed a fiduciary relationship is a factual issue and cannot be decided by way of a Motion to Strike. Economic Development et al v. City Trust, 2 CTLR 639, 640 (December 17, 1990). The Motion to Strike the First Count of the Amended Counterclaim is denied.
The Third Count of the Amended Counterclaim claims that the plaintiff bank failed to comply with the statutory requirements set forth in Section 36-99 (1)(d) and/or 36-99 (4) of the General Statutes and, as a result, the defendants, Burtons, sustained a financial loss. The plaintiff bank move's to strike this count. It contends that C.G.S. 36-99 does not apply to commercial loans. There is no dispute that the loan herein was a commercial loan. The real estate which the Burtons utilized to secure the loan was their home in Mansfield. The plaintiff's mortgage constituted a fourth mortgage on residential real estate.
The plaintiff invites the court to declare that Section 36-99 of our Statutes does not apply to commercial loans. At least for the purpose of a motion to strike, the facts alleged in the third count of the amended counterclaim, construed most favorably to the defendants, Burtons, "support an action or defense under Connecticut General Statute" Sec. 36-99 (1)(d) and/or Sec. 36-99 (4). See Omnibank of Connecticut, Inc. v. Poplar Condominium Development, Inc., et al, 1 CTLR 19 (November 15, 1989). The Motion to Strike the Third Count of the Amended Counterclaim is denied.
HON. Howard SCHEINBLUM Superior Court Judge